UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

TOMMY LEE BROOKS,

    Defendant-Petitioner.

_____/

Case No. 07-20594

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT-PETITIONER'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [28]**

**I.    Background**

On May 21, 2008, Defendant-Petitioner Tommy Lee Brooks pleaded guilty to counts one and two of the indictment brought against him—possession with intent to distribute controlled substances (over five grams of cocaine base) in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Dkt. 20.) On August 19, 2008, the Court sentenced Defendant to be imprisoned for a term of 120 months on count one and 60 months on count two to run consecutive.[1] (Dkt. 22.) Defendant did not file a direct appeal.

The matter is now before the Court on Defendant's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Dkts. 28, 33.) Defendant challenges his conviction and sentence on count two and argues that he is entitled to relief based upon the Supreme Court case of *Sessions v. Dimaya*, 138 S. Ct. 1204

---

[1] Defendant's sentence on count one was recently reduced by the Court to time served after Defendant brought a motion pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. 38.)

1

(2018). The government opposes the motion. (Dkt. 32.) For the reasons set forth below, the Court DENIES Defendant's § 2255 motion.

## II.     Standard of Review

Under § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, the petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *see also Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003).

## III.    Analysis

Under § 924(c)(1)(A), it is a federal crime to possess a firearm in furtherance of "any crime of violence or drug trafficking crime." The statute defines "drug trafficking crime" in § 924(c)(2) and "crime of violence" in § 924(c)(3). Defendant argues that his § 924(c) conviction should be vacated because the language in the § 924(c)(3)(B) residual clause is identical to the language in 18 U.S.C. § 16(b), which the Supreme Court found unconstitutionally vague in *Dimaya*, 138 S. Ct. at 1210.

Here, the offense underlying Defendant's § 924(c) conviction—possession with intent to distribute controlled substances in violation of § 841(a)(1) as charged in count one of the indictment—is a drug trafficking crime, not a crime of violence.[2]  *See* §

---

[2]    Defendant notes that the judgment in this case cites to § 924(c) generally. However, the judgment clearly states that Defendant was convicted of possession of a firearm in furtherance of a drug trafficking crime. (Dkt. 22, Pg ID 71.) And both the indictment and the plea agreement set forth the appropriate elements. (Dkt. 1, Pg ID 2;

2

924(c)(2). Therefore, the definitions of "crime of violence" as set forth in § 924(c)(3) are wholly inapplicable to Defendant's conviction, and *Dimaya* has no impact on this case. In sum, regardless of whether § 924(c)(3)(B) is unconstitutionally vague based on the Supreme Court's reasoning in *Dimaya*, Defendant is not entitled to relief.[3]

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22(b) provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253(c). Rule 11 of the Rules Governing Section 2255 Proceedings states that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

For the reasons stated in this opinion, the Court will deny Defendant a certificate of appealability because he has failed to show that reasonable jurists could debate whether his petition should have been resolved in a different matter.

---

dkt. 20, Pg ID 51.)
[3]
    The government also argues that Defendant's motion is untimely because it was filed more than one year after judgment was entered in this case and *Dimaya* did not establish a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* § 2255(f). In light of the Court's finding that Defendant's claim lacks merit, there is no need to address this issue.

## V. Conclusion

Based upon the foregoing, it is ordered that Defendant's petition for post-conviction relief is DENIED WITH PREJUDICE. It is further ordered that a certificate of appealability is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 4, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 4, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager